IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BILLY HOLMES                          §
(a/k/a Billy Richards)                §
    TDCJ-CID #189505              §
V.                                    §          C.A. NO. C-09-056
                                      §
L. LARA SALINAS, ET AL.               §

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

Plaintiff, a Texas state prisoner, filed this civil rights action on March 23, 2009 (D.E. 1).  He seeks leave to proceed *in forma pauperis* and for assistance in obtaining his inmate trust account statement (D.E. 2, 3).   For the reasons stated herein, it is respectfully recommended that plaintiff's application to proceed *in forma pauperis* be denied, and that this case be dismissed without prejudice.

**I.      Three strikes rule.**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA), including the three strikes rule, 28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis*.  28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  The three strikes rule provides an exception

permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee.  Id.

## II.   Plaintiff's litigation history.

On April 27, 1998, the Fifth Circuit barred plaintiff from filing any new civil lawsuits without advance written permission from a judge of the court.  (See  Holmes v. Johnson, No. 97-20855 (5th Cir. Apr. 27, 1998).  In addition, the Fifth Circuit directed the Clerks of all federal district courts subject to the jurisdiction of the Fifth Circuit to return to plaintiff any attempted submission inconsistent with the Fifth Circuit's bar.  Id.

Plaintiff has nevertheless filed additional lawsuits in the federal courts, of which at least four (4)  have been dismissed as frivolous or for failure to state a claim upon which relief can be granted.  See Holmes v. Bacarisse, et al., No. 4:03cv3170 (S.D. Tex. Aug. 26, 2003) (denying plaintiff permission to prosecute pursuant to Fifth Circuit bar, and alternatively, dismissing case as frivolous) (first strike); Holmes v. Soward, et al., No. 4:06cv2037 (S.D. Tex. Jul. 31, 2006) (denying plaintiff permission to bring lawsuit pursuant to Fifth Circuit's bar, and alternatively, dismissing case for failure  to state a claim); and Holmes v. Garcia, No. 4:93cv1577 (S.D. Tex. Mar. 12, 1996) (dismissed for failure to state a claim under § 1983) (third strike); and Holmes v. Soward, et al., No. 06-20860 (5th Cir. Dec. 6, 2007) (appeal dismissed as frivolous, and plaintiff notified that he is barred from bringing a civil action or appeal unless he is in imminent danger of serious physical injury) (fourth strike).  Because of his litigation history, plaintiff is thus barred from filing a civil rights lawsuit in forma pauperis unless he is in imminent danger of physical injury.  28 U.S.C. § 1915(g).

### III.    Imminent danger.

In the instant lawsuit, plaintiff has named as defendants a correctional officer and a warden employed at the Garza West Unit, Officer Salinas and Warden Monneyham; and two civil clerks employed by Bee County, Mirella Davis and Anna Silvas.  (See D.E. 1 at 3).  He alleges that, following his transfer to the Garza West Unit, Officer Salinas unlawfully confiscated and deprived him of certain personal property, and that Warden Mooneyham denied his grievances and failed to supervise his employees.  Id. at 4A-4B.  He claims that on November 29, 2007, he attempted to file a lawsuit in small claims court in Bee County, but that defendants Davis and Silvas refused to accept his pleadings, thus denying him his right of access to the courts.  Id. at 4C-4D.  He argues that defendants' actions have caused him to suffer mental, emotional and physical stress, and he seeks compensatory damages totaling $100,000.00, and punitive damages in the amount of $200,000.00.  Id. at 4, 4B, and 4E.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate."  Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing."  Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003).  In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred.  Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

Plaintiff fails to allege imminent injury for purposes of § 1915(g).  Plaintiff complains of two separate events: the June  2007, alleged taking of his personal property by Officer Salinas, and the acquiescence of Warden Mooneyham; and the alleged refusal by the Bee County Clerk defendants to  accept for filing a small claims court petition.  His complaints arising from events in late 2007 and early 2008 do not present imminent threats of physical injury.  Indeed, allegations of past harm do not constitute "impending harms."  Abdul-Akbar, 239 F.3d at 315.  More importantly, the events of which plaintiff complains, the taking of property and of not being able to pursue a lawsuit in small claims court, do not suggest any threat of physical harm.  That is, even if plaintiff's allegations are true, that his property was taken and he was prohibited from filing a lawsuit, these allegations do not constitute serious *physical* harm for purposes of  § 1915(g).

Moreover, there is no indication that plaintiff is in any type of danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions.  The Fifth Circuit has held that a district court may enforce the sanction order of another district court.  Balawaider v. Scott, 160 F.3d 1066, 1067-68 (5th Cir.) (per curiam), cert. denied, 526 U.S. 1157 (1999).

## IV.    Recommendation.

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to allege that he is in imminent danger of physical harm.  Plaintiff also failed to seek leave to file this lawsuit as the Fifth Circuit has directed.  Accordingly, it is respectfully recommended that plaintiff's application for leave to proceed *in forma pauperis* and for

assistance in obtaining his inmate trust account statement (D.E. 2, 3) be denied and that this lawsuit be dismissed without prejudice.

Respectfully submitted this 30th day of March, 2009.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

5